**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
NORMAN DAVID BROOKS,

                      Plaintiff,                      05 Civ. 3655 (RMB) (AJP)

            -against-                      **DECISION AND ORDER**

FRIEDRICH VON LENTHE, MATTHIAS
SCHMIDT, NIKOLAI STULA, VGH,
SPARKASSE and NORD LB,

                      Defendants.
------------------------------------------------------------x

**I.    Background**

On April 11, 2005, pro se plaintiff Norman David Brooks ("Plaintiff" or "Brooks") filed a complaint against Friedrich Von Lenthe, Matthias Schmidt, Nikolai Stula, VGH, Sparkasse (collectively, "VGH Defendants") and Nord/LB ("Nord/LB") alleging numerous claims, including, among other things, "deprivation of property . . . fraud, [and] breach of contract." (Complaint, dated April 11, 2005 ("Complaint"), at 1.) On May 2, 2005, Plaintiff filed an Amended Complaint. On August 29, 2005, Defendants filed a Joint Motion to Dismiss the Amended Complaint "(i) for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (VGH defendants), (ii) on the basis of forum non conveniens (all defendants), and (iii) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (all defendants)." (Defendants' Joint Motion to Dismiss the Amended Complaint, dated August 29, 2005 ("Motion to Dismiss"), at 1.)

On October 21, 2005, United States Magistrate Judge Andrew J. Peck, to whom the matter had been referred, issued a Report and Recommendation ("Report") recommending that "VGH defendants' motion to dismiss for lack of personal jurisdiction" and "Nord/LB's motion

to dismiss for failure to state a claim on which relief can be granted" be granted. (Report at 16, 23.)

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections." (Report at 24.) On October 31, 2005, Plaintiff filed objections to the Report ("Plaintiff's Objections") insisting that "VGH has more than sufficient control over the Nord LB." (Plaintiff Objections at 3.) Defendant has not, as of this date, submitted a response to Plaintiff's Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II. Standard of Review

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. See Fed. R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court makes "a de novo determination of those portions of the report . . . to which objection is made" and may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. Grassia, 892 F.2d at 19; see Deluca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

When a plaintiff is proceeding pro se, the Court will construe the complaint liberally "to raise the strongest arguments that [it] suggest[s]." Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam) (citation omitted).

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Report, Plaintiff's

Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations made by Magistrate Judge Peck are supported by the record and the law in all respects. See Pizarro, 776 F. Supp. at 817. Plaintiff's Objections do not constitute a basis for departing from the Report's recommendations.[1]

Magistrate Judge Peck analyzed New York's long-arm statute, C.P.L.R. § 302(a), to determine whether the Court has personal jurisdiction over the VGH Defendants. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). Magistrate Judge Peck concluded that "Brooks has not made a prima facie showing that personal jurisdiction is appropriate over the VGH defendants" under: (i) C.P.L.R. § 302(a)(1) "because he has not shown that any of the VGH defendants transacted business within New York or contracted to supply goods or services in New York;" (ii) C.P.L.R § 302(a)(2) because "Brooks does not allege that any of the VGH defendants committed tortious acts within New York State;" (iii) C.P.L.R § 302(a)(3) because "his complaint does not contain any allegations that those alleged tortious acts [occurring in Germany] had any effect whatsoever in New York State, let alone an injury to person or property within New York;" and (iv) C.P.L.R. § 302(a)(4) because "Brooks does not allege that VGH defendants own, use, or possess any real property situated within New York State." (Report at 12-15.)

Magistrate Judge Peck also observed that "Brooks' sole allegation in the complaint against Nord/LB is that it is 'being sued for the damages it's [sic] insurance branch the VGH, which the Nord LB owns and controls, inflicted upon the plaintiff.'" (Complaint at 3-4; Report at 21.) Magistrate Judge Peck correctly concluded that "[t]his allegation, without more, is

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizzaro, 776 F. Supp. at 817. Any of the Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

insufficient to establish a claim of piercing the corporate veil." (Report at 21 (citing Cooper v. Parsky, 95 Civ. 10543, 1997 WL 242534, at *23-24 (S.D.N.Y. Jan. 8, 1997) (motion to dismiss piercing the corporate veil claim granted because plaintiff's complaint failed to allege at least two of the elements to prove a veil piercing claim), vacated on other grounds, 140 F.3d 433 (2d Cir. 1998)).)

>Magistrate Judge Peck also noted that:
>
>>[t]his is the second time that Brooks has sued the exact same defendants in the United States based on the same events in Germany, and this will be the second time that a United States court has dismissed his case outright . . . [the defendant] is on notice now that he may (and likely will) be sanctioned in the future . . . if he were to file this case again in a United States court.

(Id.)

## IV. Conclusion and Order

For the reasons set forth herein and therein, the Report is adopted in its entirety. The Clerk of this Court is respectfully requested to close this case.

Dated: New York, New York
January 24, 2006

*RMB*

RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/24/06